**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| RAYTHEON AIRCRAFT COMPANY, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  03-1368-MLB |
| ) | |
| ARCHITECTURAL AIR, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

The matter is now before the court on plaintiff Raytheon's motion to dismiss a portion of defendant Architectural Air's counterclaim alleging fraud and negligent misrepresentation pursuant to Fed. R. Civ. P. 12(b)(6).  (Doc. 50.)  The matter is fully briefed and ripe for decision.  (Docs. 51, 61, 63.)  For the reasons stated herein, Raytheon's motion to dismiss is DENIED in part and GRANTED in part.

**I.   Facts**

This lawsuit involves the sale of a Starship-class airplane, serial number NC-42 (NC-42), manufactured by Raytheon and sold to Architectural Air, LLC (AA). The negotiations for the sale took place in 1996 between Bernhard Carl, owner of AA, and agents of Raytheon. The negotiations culminated in a contract, which is the basis for the underlying dispute.  The crux of the contract is that AA would purchase NC-42, with the option to purchase a new Premier-class plane, serial number RB-71, in the future.  At the time of contracting, the Premier class of planes was still under development. The projected completion date of RB-71 was sometime in the year 2000. AA contends that the contract also required Raytheon to provide some services to

AA, including pilot referrals and maintenance of NC-42, among other things. The parties dispute the existence, scope, and interpretation of many of the contract's provisions, but this dispute is not the subject of the current motion.

Raytheon's current motion -- to dismiss AA's counterclaims for fraud and negligent misrepresentation -- is limited to NC-42.[1] AA asserts that Raytheon agents misrepresented that "the Starship was carefully engineered, fully supported by Raytheon and its vendors, and highly reliable" (Doc. 38 ¶ 9) when, on the contrary, "the Starship" was highly unreliable, causing numerous delayed, cancelled, or replacement flights. AA further asserts that Raytheon ceased "support" (i.e. providing replacement parts) for Starship planes.[2]

Raytheon responds that the statements attributed to its agents referred to the Starship generally and not specifically to NC-42. Raytheon asserts that the statements cannot give rise to a fraud claim under Kansas law because they were only opinions or mere puffing. (Doc. 51 at 2-3.) Raytheon also asserts that the contract specifically disclaimed any prior representations and that all tort claims are barred by the economic loss rule.

## II. Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss

---

[1] Raytheon has filed a partial motion for summary judgment based on allegations of fraud concerning the RB-71. (Doc. 67.) AA responded to the motion by citing Fed. R. Civ. P. 56(f). Accordingly, the court has determined to stay its decision on the motion for partial summary judgment pending further discovery.

[2] In its counterclaim, AA variously refers to the plane as "the Starship aircraft," "the Starship," "Starship aircraft" and "Starship NC-42." (Doc. 38). It is not always clear whether AA is referring to the Starship model generally or NC-42 specifically.

-2-

are well known. This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive. See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff. See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)). In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims. See Robinson, 117 F. Supp.2d at 1129.

**III. Analysis**[3]

---

[3] A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits, including that state's choice-of-law rules. See ORI, Inc. v. Lanewala, 147 F. Supp.2d 1069, 1078 n. 9 (D. Kan. 2001). For defendant's fraud and misrepresentation counterclaims, the Kansas Supreme Court has held that the law of the state where the tort occurs controls. See Carolina Indus. Products, Inc. v. Learjet, Inc., 2001 WL 1636547, *9 n. 12 (D. Kan. Dec. 18, 2001)(citing Ling v. Jan's Liquors, 237 Kan. 629, 635, 703 P.2d 731, 735 (1985)). The pleadings, however, do not set forth sufficient information for this court to determine the applicable law. The court has applied Kansas law to the tort claims since the parties seem to agree that Kansas law controls. See Docs. 51, 61, 63.

Under Kansas law, actionable fraud includes an untrue statement of material fact, known to be untrue by the person making it, made with the intent to deceive or recklessly made with disregard for its truthfulness, where another party justifiably relied upon the statement to his or her detriment. See Wilson v. Meeks, 98 F.3d 1247, 1254 (10th Cir. 1996)(citing Slaymaker v. Westgate State Bank, 241 Kan. 525, 739 P.2d 444 (1987)).  Although contractual fraud requires a false representation of a material existing fact rather than a promise of something to be done in the future, Kansas recognizes an exception when the promissor had no intention of carrying out the promise at the time it is made.  See Edwards v. Phillips Petroleum Co., 187 Kan. 656, 659-60, 360 P.2d 23, 26-27 (1961).  "When alleged fraud relates to promises or statements concerning future events, the gravamen of such a claim is not the breach of the agreement to perform, but the fraudulent representation concerning a present, existing intention to perform when such intention is in fact nonexistent." K-B Trucking Co. v. Riss Intern. Corp., 763 F.2d 1148, 1156 (10th Cir. 1985)(quoting Modern Air Conditioning, Inc. v. Cinderella Homes, Inc., 226 Kan. 70, 78, 596 P.2d 816, 824 (1979)). On the other hand, actionable fraud cannot be predicated on statements which are mere opinion or "puffing." Timi v. Prescott State Bank, 220 Kan. 377, 389, 553 P.2d 315 (1976).

**A.  Puffing**

The court finds that Raytheon's agents' alleged statements that "the Starship" was "carefully engineered" and "highly reliable" amount to opinion or puffing.  On the other hand, the alleged statements that Raytheon and its vendors "fully supported" the Starship may, or may

not, be opinion or puffing.  Raytheon allegedly failed to provide crew support in Europe and failed to provide service for defective parts. (Doc. 38 ¶¶ 19, 60.)  The same rationale applies to the allegations pertaining to "replacement charters."  All these alleged statements may or may not serve as a basis for a fraud claim, depending on the facts.  They are more appropriate for consideration in a motion for summary judgment or JMOL.

**B.   Economic Loss**

Raytheon asserts that AA's fraud and negligent misrepresentation claims fail as a matter of law since the economic loss rule prohibits a "tort action . . . if only economic losses are sought."  (Doc. 51 at 3.) "[A] commercial buyer of defective goods cannot sue in negligence or strict liability where the only injury consists of damage to the goods themselves." Full Faith Church of Love West, Inc. v. Hoover Treated Wood Products, Inc., 224 F.Supp.2d 1285, 1289 (D. Kan. 2002)(quoting Koss Const. v. Caterpillar, Inc., 25 Kan.App.2d 200, 960 P.2d 255, 260 (1998).  The economic loss rule has not been extended to bar all tort actions, however.  The Tenth Circuit explained:

> Where a negligence claim is based only on breach of a contractual duty, the law of contract rightly does not punish the breaching party, but limits the breaching party's liability to damages that naturally flow from the breach. It is an altogether different situation where it appears two parties have in good faith entered into a contract but, in actuality, one party has deliberately made material false representations of past or present fact.

United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd., 210 F.3d 1207, 1226-1227 (10th Cir. 2000)(applying Colorado's economic loss rule which states that the parties to a contract are prohibited from

bringing <u>negligence</u> claims when only economic damage occurs).

For its negligent misrepresentation claim to survive, AA must allege either a personal injury or an injury to property other than NC-42 since Kansas law does not recognize a claim for negligent misrepresentation that seeks recovery of only economic losses. <u>Whittenburg v. L.J. Holding Co.</u>, 830 F.Supp. 557, 564 (D. Kan. 1993). AA has not done so. AA's alleged damages only encompass economic losses due to dimunition in the fair market value of NC-42, the cost of the repairs and obtaining replacement aircraft services. (Doc. 38 ¶ 60)  Therefore, AA's claim for negligent misrepresentation fails as a matter of law.

The court will rule on AA's claim for economic loss damages due to fraud when it resolves AA's fraud claims.

**IV. Conclusion**[4]

Raytheon's motion to dismiss is GRANTED in part and DENIED in part. AA's negligent misrepresentation claim as to NC-42 is dismissed.

A motion for reconsideration of this order pursuant to this court's Rule 7.3 is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise

---

[4] Raytheon has also asserted that the purchase contract specifically disclaimed prior representations and warranties. (Doc. 51 at 3.)  However, Raytheon did not attach the contract nor cite to the applicable provision. Therefore, the court will not address this argument.

-6-

of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

    IT IS SO ORDERED.

    Dated this 25th day of February 2005, at Wichita, Kansas.

                                      /s Monti Belot
                                      Monti L. Belot
                                      UNITED STATES DISTRICT JUDGE