IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RAYTHEON AIRCRAFT COMPANY,    )
                                                          )
                                    Plaintiff,    )
                                                          )
v.                                                       )        Civil Action No. 03-1368-MLB
                                                          )
ARCHITECTURAL AIR, LLC,               )
                                                          )
                                    Defendant.   )
_____ )

## MEMORANDUM AND ORDER

On September 12, 2005, the undersigned magistrate judge and the trial judge, Hon. Monti L. Belot, conducted a telephone status conference with counsel. Plaintiff appeared through counsel Jeff Spahn; defendant appeared through counsel Jeff Jordan.

## BACKGROUND

This case was filed on October 17, 2003. (Doc. 1). Upon defendant's failure to answer, a default judgment was entered in favor of plaintiff (Doc. 4), but after a motion by defendant, the default was set aside by order filed June 3, 2004. (Doc. 19). Texas counsel appeared *pro hac vice* for defendant. (Doc's 10 & 11). An initial scheduling conference was held on July 26, 2004, at which time the court set a discovery deadline of November 22, 2004, and a final pretrial conference for December 20, 2004. (Doc. 27).

In August 2004, defendant moved to amend the scheduling order (Doc. 36), requesting that certain deadlines be extended until after the parties had participated in a mediation conference, and the motion was granted.  (Doc. 37).  As a result, the deadlines originally set for exchange of expert disclosures were extended.

In August and September, 2004, defendant served discovery requests on plaintiff (Doc. 33), and defendant also noticed the depositions of Paul Scanlon and Kent Barnes to take place in October, 2004.  (Doc's 44 & 45).  During the same general time frame, plaintiff also served discovery requests on defendant (Doc. 29) and noticed three depositions, including the deposition of Mr. Bernard Carl, the primary representative for defendant.  (Doc. 30 & 40).  In October, 2004, plaintiff noticed the deposition of Mr. Billie J. Ellis, an attorney who had represented defendant during settlement negotiations with plaintiff.  (Doc. 48).  Mr. Ellis was a partner in the same firm as the Texas counsel representing defendant *pro hac vice* in this case.  Defendant filed a motion for a protective order and sought to quash the notice to take Mr. Ellis' deposition.  (Doc. 53).

Also in October, 2004, both parties filed motions to compel, complaining of inadequacies in the discovery responses from the opposing party.  (Doc's 56 & 58).  At a status conference with counsel on December 7, 2004, the magistrate judge cancelled the scheduled pretrial conference set for December 20, 2004, and vacated

2

the deadline for the filing of dispositive motions.  (Doc. 71).  By order entered on

January 24, 2005, the court granted in part and denied in part, defendant's motion

for a protective order and to quash the notice for the taking of the deposition of Mr.

Ellis.  (Doc. 80).   The court allowed plaintiff to take the deposition of Mr. Ellis,

but prevented plaintiff from inquiring about privileged information or about

matters other than settlement communications between Ellis and plaintiff and/or

plaintiff's employees.

On February 2, 2005, the court took under advisement the cross-motions to

compel, temporarily stayed discovery, and directed the parties to meet and confer

to resolve issues raised in the motions.  (Doc. 82).  The parties were to submit a

joint report about any remaining discovery issues by February 22, 2005.  Counsel

submitted a joint letter of February 21, 2005, advising the court that the parties had

agreed to supplement their discovery responses by March 25, 2005.  Plaintiff

served supplemental responses to defendant's discovery requests on March 24,

2005.  (Doc. 84).

On May 12, 2005, the magistrate judge conducted another scheduling

conference with counsel and entered a Final Scheduling Order (Doc. 87) which set

a discovery deadline of September 30, 2005, a dispositive motion deadline of

November 14, 2005, and a final pretrial conference on October 24, 2005.

Throughout the pendency of this case, plaintiff has filed numerous dispositive motions, including a motion to strike (Doc. 23), a motion to dismiss (Doc. 50), two motions for partial summary judgment (Doc's 67 & 100), and a motion for sanctions.  (Doc. 75).  The two motions for partial summary judgment have not been fully briefed at this time.

On July 1, 2005, the Texas counsel who had represented defendant *pro hac vice*, and the local counsel who had worked with them, both withdrew (Doc. 91), and Mr. Jeff Jordan entered his appearance for defendant.  (Doc. 90).

Plaintiff had served additional discovery requests on defendant on May 11, 2005 (Doc. 86), and on July 8, 2005, plaintiff filed a motion to compel responses to those discovery requests.  (Doc. 93).  Defendant's new counsel moved for additional time to respond to the motion to compel. (Doc. 95).  On August 22, 2005, defendant served its response to the motion to compel (Doc. 103) wherein it agreed to provide supplemental discovery responses to plaintiff by September 5, 2005.  On September 2, 2005, defendant filed a notice that it had served responses to the outstanding discovery requests of plaintiff.  (Doc. 106).

Defendant's new counsel also filed motions for extensions of time to respond to plaintiff's two motions for partial summary judgment.  Defendant wanted until September 26, 2005, to respond to the first motion for partial

4

summary judgment (Doc. 67) concerning the fraud and negligent misrepresentation claims, and the argument that the contract between the parties displaces any tort claims.[1]  As part of the requested extension, defendant noted that it would be taking an unstated number of depositions of key employees of defendant who had dealt with defendant's representative, Mr. Carl, concerning the purchase of the Starship aircraft.

Defendant wanted until October 3, 2005, (Doc. 107) to respond to the second motion for partial summary judgment (Doc. 100) which sought summary judgment on three counts of defendant's Second Amended Counterclaim:  Count I (breach of a settlement agreement); Count IV (that the Starship was defective); and Count V (breach by failing to support the Starship).  By Order of September 9, 2005, the court granted the motion for extension of time to respond to this second summary judgment motion, but stated that no additional discovery would be allowed.  (Doc. 100).

---

[1] Defendant filed a prior response to this motion for summary judgment, *see* Doc. 73, but current counsel wants the extension because there was "a request by counsel that has withdrawn from the case to file supplemental briefing. . . ."  (Doc. 98 at 1-2, ¶ 3).

## PARTIES' POSITION AT
## SEPTEMBER 12, 2005 STATUS CONFERENCE

Plaintiff argues that this case has been pending for two years,[2] defendant has had ample opportunity to conduct discovery, some of the people defendant now seeks to depose were noticed and made available by plaintiff for depositions a year ago, but those depositions were called off by defendant, and no extension of the discovery deadline should be allowed.

Defendant argues that new counsel has not had an opportunity to conduct necessary discovery, both for the purpose of responding to the motions for partial summary judgment and for the purpose of supporting the claims defendant has pleaded in its counterclaims.  Defendant would like to receive the documents and other discovery responses to defendant's most recent discovery requests, which were served on plaintiff on August 31, 2005 (Doc. 105), before scheduling depositions of current and former employees of plaintiff.  It appears that plaintiff will object to some, if not all, of defendant's most recent discovery requests and defendant contemplates that a motion to compel will be required.

During the September 12 telephone conference, defendant identified the

---

[2]  Because of the motions and briefing in connection with the initial default by defendant, the case really did not get underway until June 3, 2004, when the court set aside the default and allowed defendant to file an answer.  (Doc. 19).

following ten current and/or former employees of plaintiff who it believes it needs

to depose:

> Paul Scanlon
> Tom Schiller (retired)
> Greg McCurley
> James Cochran (no longer with plaintiff)
> Steve Lawson (no longer with plaintiff)
> Kent Barnes
> Pat Taggart
> Carl Childs (retired)
> Dave Jacobson
> Brad Hat

By e-mail of September 21, 2005, the undersigned magistrate judge

requested additional information from counsel concerning the topics to be

addressed by each of these witnesses, and the amount of time each deposition

would take to complete.  Defendant responded by e-mail of September 23, 2005,

and plaintiff replied by e-mail of September 26, 2005.  In its e-mail, defendant

identified another individual, Brad Dreiling, who it wished to depose.

Defendant urges that the depositions of two of the above individuals, James

Cochran and Brad Hat,[3] are necessary for defendant to respond to the first motion

for partial summary judgment (Doc. 67) and these witnesses presumably have

---

[3] During the September 12 telephone conference, defendant also stated that Hat had attended a mediation conference and might have relevant testimony about the settlement issue which is the subject of the second motion for partial summary judgment.

7

knowledge about the issue of any alleged fraudulent representations concerning the Premier aircraft.

As to the second motion for partial summary judgment, defendant urges that it needs the depositions of Paul Scanlon and Kent Barnes concerning the settlement issue, and the depositions of James Cochran and Tom Schiller concerning the Starship issues.

Finally, in addition to the above depositions which are arguably necessary for defendant to respond to the two motions for partial summary judgment, defendant also wants to take depositions of the other named individuals. Defendant has indicated that it needs additional time to take all of these depositions and requests an extension of the discovery cutoff to accomplish this discovery. Defendant also urges that before it takes any depositions, it wants to have the documents it has requested in its most recent discovery request to plaintiff which was served on August 31, 2005.

## DISCUSSION

**1.** ***Defendant's request to extend time to file supplemental brief concerning first partial motion for summary judgment (Doc. 67).***

Defendant acknowledges that it has already responded to the first motion for partial summary judgment. *See* Doc. 73. In that response, and in the attached affidavit of prior counsel W. Scott Hastings, defendant claimed that it could not

fully respond to the motion because it had not received discovery from plaintiff due to a  pending discovery dispute with plaintiff about production of documents and responses to interrogatories, and defendant's motion to compel had not yet been resolved.  (Doc. 73, Hastings Affidavit at ¶ 4; Doc. 73 at 12).  Defendant stated that plaintiff's failure to provide the requested documentary discovery had delayed defendant's ability to take depositions on the issue of intent and that pursuant to Rule 56(f), Fed.R.Civ.P., the court should defer ruling on the motion until defendant had the opportunity to conduct discovery concerning defendant's intent.  (Doc. 73, Hastings Affidavit at ¶¶ 5, 7; Doc. 73 at 12).  This is apparently the request for supplemental briefing referred to by defendant's current counsel.

The motions to compel were resolved as a result of both counsel's agreement to supplement their discovery responses by March 25, 2005.  Plaintiff did file a notice on March 24, 2005, showing service of plaintiff's supplemental responses to defendant's discovery requests (Doc. 84).  Therefore, since March 24, 2005, defendant has presumably had all the documents it believed were necessary for it to schedule any depositions directed to the issue of plaintiff's intent and to supplement its response to plaintiff's first motion for partial summary judgment.

The court concludes that defendant has had ample time to conduct any written discovery it believed was necessary pursuant to Rule 56(f) in order to

9

respond to the first motion for partial summary judgment which has been on file since November 24, 2004.  Therefore, defendant cannot further delay any depositions or supplemental response to this motion by awaiting the production of additional documents that were just requested on August 31, 2005.

As to depositions, it appears from defendant's e-mail of September 23 that James Cochran had more involvement with Mr. Carl on issues related to the first motion for summary judgment than did Brad Hat.  Mr. Hat's testimony appears to be duplicative or cumulative in nature.  Therefore, defendant may take the deposition of James Cochran within the time frame set out below.  The deposition shall not exceed six hours in length.[4]

Defendant shall be allowed to supplement its prior response (Doc. 73) to the first motion for summary judgment to include relevant information disclosed in any documents produced by plaintiff on or about March 24, 2005, and information from the deposition of James Cochran.  Mr. Cochran's deposition should be scheduled as soon as possible since his testimony relates to the oldest summary judgment motion.  Defendant shall be given until **December 2, 2005** to file its

---

[4] Defendant wants to depose Mr. Cochran on other issues as well.  The six hour limit is the total amount of time for his deposition on all topics.  As noted in paragraph 2(B), *infra*, this time will be reduced to a maximum of four hours if defendant elects to depose Mr. Schiller on topics related to the second motion for summary judgment.

supplemental response to the first motion for summary judgment.

**2.    *Defendant's response to the second motion for partial summary judgment (Doc. 100).***

The second motion for partial summary judgment was filed on August 19, 2005.  It addresses two separate issues: (1) whether there has been a settlement; and (2) problems with the Starship and plaintiff's support of the Starship.  Each of these issues will be addressed separately.

    A.    Whether there has been as settlement.

As to this issue, defendant argues that it needs the depositions of Paul Scanlon and Kent Barnes, both of whom were involved in communications with Mr. Carl about defendant's purchase of the various planes and how those purchase would be structured, including any settlement for problems defendant had incurred with the Starship.

Mr. Carl's October 5, 2004, deposition testimony about the alleged settlement has been attached to prior filings by defendant.  *See* Doc. 72, Attachment 1.  In his deposition, Mr. Carl referred on more than one occasion to the fact that the content of the communications between he and Scanlon and/or Barnes were memorialized in drafts of contract documents and extensive correspondence that were exchanged between the parties concerning the purchase of the Premier and Hawker aircrafts.  *See e.g.,* Deposition Tr. at 181, 191 and 194.

11

It thus appears that the proposed depositions are by no means critical to a resolution of the question of whether or not there was a settlement between the parties and would be, at best, cumulative in nature.

Furthermore, the depositions of both Scanlon and Barnes were noticed and they were to be made available for their depositions in October, 2004, but those depositions were cancelled by defendant's previous counsel. Even if counsel was waiting for a resolution of the motions to compel which were filed in October, 2004, as noted above, those motions were resolved by the parties at least by March 24, 2005. There has been no satisfactory explanation why defendant did not take these two depositions long ago.[5]

Under Fed.R.Civ.P. 26(b)(2), a court can limit discovery which is otherwise permitted under the rules if the court determines that

> (i) the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable from some other source that
> is more convenient, less burdensome, or less expensive;

---

[5] It may be that the Texas law firm did not want to take these two depositions until the uncertainty was resolved as to whether Mr. Ellis, an attorney with the Texas law firm, could also be deposed concerning the settlement issue. Mr. Ellis' deposition had been scheduled to take place immediately after the depositions of Scanlon and Barnes. However, defendant certainly knew by January 24, 2005 (the date the court ruled on defendant's motion to quash and for a protective order) that Mr. Ellis would, in fact, have to testify concerning the settlement negotiations. Yet the depositions of Scanlon and Barnes were not timely rescheduled.

> (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Because defendant has had ample opportunity to obtain the two requested depositions, and because it appears that the depositions would be, at best, cumulative of the voluminous written correspondence exchanged by the parties concerning the alleged settlement, and would appear to be of minimal likely benefit, defendant shall not be allowed to depose either Scanlon[6] or Barnes (or Hat).

> B.    Issues concerning the Starship and its support.

As to these issues, defendant urges that it needs to depose Jim Cochran and Tom Schiller. It appears that the information to be obtained from these individuals is at best cumulative or duplicative. While these depositions should have been scheduled long ago, the court will allow the deposition of one of these two

---

[6] The court recognizes that Scanlon has provided an affidavit which is attached to plaintiff's second motion for summary judgment. (Doc. 101, Attachment 2). While the court would normally allow the deposition of someone who provided an affidavit in support of a motion for summary judgment, the affidavit in this case is cursory and conclusory in nature and does not add significant factual detail to the written correspondence and documents between the parties concerning the proposed settlement.

individuals.  If defendant elects to depose Mr. Cochran, the total time for his

deposition on <u>all</u> topics will not exceed six hours.  If defendant elects to depose

Mr. Schiller on the Starship issues, and to depose Mr. Cochran concerning issues

relating to the first motion for partial summary judgment, then the total time

allowable for Mr. Cochran's deposition shall not exceed four hours, and the time

for Mr. Schiller's deposition shall not exceed two hours.   The deposition is to be

taken within the time frame set out in this order.[7]

Defendant is granted until **January 13, 2006,** to file its response to the

second motion for partial summary judgment.  Plaintiff shall file its reply, if any,

within the time set by D.Kan.Rule 6.1(d)(2).

A failure to complete the depositions allowed by this order will not be

grounds for any further motion for extension of time pursuant to Rule 56(f),

Fed.R.Civ.P. as to either of the motions for partial summary judgment.

### 3.    *Defendant's request to extend the discovery cutoff to take depositions not directly required to respond to a motion for summary judgment.*

As stated above, the court believes that defendant has had ample opportunity

to take the depositions of the individuals it has now identified.   Based upon the

---

[7] To the extent that the September 9, 2005, Order Granting Defendant's Motion for Extension of Time to Respond to Motion for Partial Summary Judgment (Doc. 109) limited further discovery by defendant, the order is modified by this order with the approval of the trial judge.

14

above record, the court believes that it would be wholly justified in denying any extension of the discovery cutoff in this case beyond the September 30, 2005, deadline set in the May 12, 2005, Final Scheduling Order.  The court is not unsympathetic with the position in which current counsel for defendant now finds himself.  However, hiring a new counsel cannot automatically allow a party to disregard previously established case management deadlines.  Furthermore, it appears that some delay has occurred since new counsel entered the case due to the unavailability of Mr. Carl, the representative for defendant.  Again, that fact cannot justify a party's failure to conduct timely discovery.

While the Federal Rules of Civil Procedure are to be construed and administered to secure speedy and inexpensive determination of every action, they are first and foremost designed to secure a just result.  The court believes that in order to effectuate the purpose of the federal rules, defendant should be allowed to conduct some limited additional discovery beyond the current discovery cutoff date.  Accordingly, the court will extend the discovery cutoff in this case to **December 16, 2005; provided however**, that defendant shall <u>only</u> be entitled to take the depositions of the witnesses identified below (in addition to the witness previously discussed in paragraphs 1 and 2(B) above), assuming that the individuals can be located and noticed within this extended discovery period.

15

Defendant will not be allowed to serve additional interrogatories or requests for production of documents, since any such requests were to have been served in time to complete the discovery by September 30, 2005.  Nor will defendant be allowed to conduct additional document discovery by means of a subpoena *duces tecum* pursuant to Rule 45, Fed.R.Civ.P., directed to any of the below identified witnesses.

Defendant shall therefore be allowed to depose the following individuals:

A.    It appears that the testimony of Pat Taggart,[8] Greg McCurley and Brad Dreiling would be duplicative or, at best, cumulative.  Therefore defendant will be allowed to depose only <u>one</u> of those individuals, and the deposition will be limited to a total of five hours.

B.    Likewise, the testimony of Steven K. Lawson and Dave Jacobson appears to be, at least as to the quality and reliability of the Starship, cumulative.  Therefore defendant may depose Lawson, but not Jacobson, and the deposition will be limited to a total of five hours.

C.    The testimony of Karl R. Childs appears to relate only to the Premier

---

[8] Plaintiff states that Taggart has also been scheduled for an earlier deposition which was cancelled by defendant.  The court has not located a deposition notice pertaining to Taggart and will therefore not automatically preclude him from being deposed.

aircraft.  His deposition will not exceed a total of four hours.

**4.**    ***Resolution of discovery issues concerning defendant's discovery requests served on August 31, 2005.***

Based upon the filed notice in this case, plaintiff's response to the discovery requests would be due, at the latest, by October 3, 2005.  While defendant would prefer to have any documents which are responsive to its recent document request prior to commencing depositions, the court will not order that in this case.  However, in order to resolve this potential discovery dispute as quickly as possible, the court hereby modifies the normal procedure for handling motions to compel.

If plaintiff objects to any of defendant's discovery requests, and if defendant believes those objections to be without merit, counsel for defendant shall immediately contact plaintiff's counsel and discuss, in person, a resolution of any discovery dispute.   The meeting of counsel shall be held on or before **October 10, 2005.**  If the parties cannot resolve their disputes, defendant shall file any motion to compel on or before **October 13, 2005.**  No supporting memorandum will be required.  The motion shall attach copies of defendant's discovery requests, plaintiff's responses, and an itemization of any discovery requests which remain in dispute after the parties have met and conferred.

A hearing is set before the undersigned magistrate judge for **10:00 a.m. on Tuesday, October 18, 2005** to argue issues related to the motion to compel.

17

Counsel shall appear in person.  <u>Plaintiff is not required to file any response to the</u> <u>motion to compel prior to the scheduled hearing.</u>

**5.      *Plaintiff's prior motion to compel (Doc. 93).***

The court has not received any supplemental pleading concerning this motion following defendant's supplemental responses which were served on or about September 2, 2005.  Accordingly, the court will consider the motion to be MOOT unless further objections are received prior to **October 3, 2005.**

**6.      *Pretrial conference.***

A pretrial conference is scheduled before the Hon. Monti L. Belot, for **January 23, 2006 at 1:30 p.m.** in Room 111, U.S. Courthouse, 401 North Market, Wichita, Kansas.  Counsel of record will appear in person at the conference.  The parties shall prepare **one** proposed final pretrial order.  No later than **January 16, 2006**, defendant shall submit to the judge who will conduct the conference <u>both</u> a hard copy of the parties' proposed pretrial order <u>and</u> as an attachment to an Internet e-mail (formatted in WordPerfect 9.0 or earlier version) sent to ksd_belot_chambers@ksd.uscourts.gov.  The proposed pretrial order shall not be filed with the Clerk's Office.  It shall be in the form available on the court's website (www.ksd.uscourts.gov), and the parties shall affix their signatures according to the procedures governing multiple signatures set forth in paragraphs

18

II(C)(2)(a) & (b) of the *Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means in Civil Cases.*

Judge Belot has entered standing orders governing dispositive and non-dispositive motions and when hard-copies of electronically-filed documents **must** be delivered to chambers.  The standing orders can be found on the court website at: http://www.ksd.uscourts.gov/chambers/mlb/CMECFSO.pdf.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED THAT** no extensions will be considered to any of the deadlines set in this Order.

Dated at Wichita, Kansas on this 28th day of September, 2005.

s/  Donald W. Bostwick
DONALD W. BOSTWICK
United States Magistrate Judge